IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.: 21-cv-60867 RS

DELROY A. CHAMBERS, JR., an individual

    Plaintiff,
vs.

FLORIDA RESORT PROPERTY
MANAGEMENT, LLC d/b/a RENT 1
SALE 1 MIA,

    Defendant.
_____/

**DEFENDANTS MOTION TO DISMISS AMENDED COMPLAINT ON STANDING AND FOR THE CONVERSION OF THE MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Florida Resort Property Management, LLC d/b/a Rent 1 Sale 1 Mia (hereinafter "defendant") by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure and the local rules of court, herein files its motion to dismiss the amended complaint and for the conversion of the motion to dismiss into a motion for summary judgment based on standing and memorandum of law in support as follows.

**INTRODUCTION AND BACKGROUND INFORMATION**

According to the amended complaint, the plaintiff is a *"tester"*, or one who travels around in order to "find" violations of the housing discrimination statute. The complaint alleges that the defendant refuses housing accommodations to those that have been adjudicated guilty of a crime; only that the housing would be denied based on the accusation that a crime has been committed. The complaint does not allege that the defendant denied the plaintiff housing based on his race. The complaint does not allege that the defendant denied the plaintiff housing based on any other protected class. The complaint does not allege even the existence of a conversation that occurred that would show that the defendant had the intent to violate the housing discrimination statute or

Case 0:21-cv-60867-RS   Document 11   Entered on FLSD Docket 12/10/2021   Page 2 of 7

*Chambers vs. Florida Resort Property Management*
*Case No.: 21-cv-60867 RS*

that the defendant understood during this conversation that the plaintiff was drawing a difference between those who are arrested for a crime and those that are found guilty of a crime and how this would disparately impact a protected class.  The complaint does also not allege critical allegations including, for example: (i) who the plaintiff spoke to from the defendant company; (ii) whether the conversation was memorialized in writing or (iii) any other critical components of this alleged conversation that would demonstrate that the intent of the person from the defendant company did so with the intent to discriminate.  The complaint is bereft of all such facts or allegations.  The motion to dismiss and/or the motion for summary judgment should be granted.  The legal reasoning is set forth through the memorandum of law, below.

## MEMORANDUM OF LAW

**I.  STANDARD OF REVIEW ON MOTION TO DISMISS AND CONVERSION OF MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT**

It is well established that when evaluating the legal viability of a complaint on a motion to dismiss, courts must "confine their consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matter of which judicial notice may be taken'". *Access 4 All, Inc. vs. Trump International Hotel and Tower Condominium,* 458 F.Supp.2d 160, 164 (S.D. NY 2006). When a court ruling on a motion to dismiss considers matters outside the pleadings, it is required to convert the motion from a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment. *Access 4 All, Inc.* 458 F.Supp.2d at 164. This is due to the fact that the purpose of a Rule 12(b)(6) motion is to test the "legal feasibility of the complaint," not the weight of the evidence that might be offered to support it. *Id.* at 164. When the parties ask the Court to weigh evidence outside of the pleadings and thereby test the merits of the evidence, not the complaint, such action is "more appropriately reserved for the summary judgment procedure, governed by Rule 56, where both parties may conduct appropriate discovery and submit the additional supporting material contemplated by that rule. *Id.* at 164-165.

Case 0:21-cv-60867-RS   Document 11   Entered on FLSD Docket 12/10/2021   Page 3 of 7

*Chambers vs. Florida Resort Property Management*
*Case No.: 21-cv-60867 RS*

While summary judgment is normally reserved to be considered after the parties have hadan opportunity to engage in discovery, the court may convert the motion to dismiss into a motionfor summary judgment and thus consider the external exhibits and affidavits when it is satisfied that the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the pleadings and the issues that are involved are 'discrete and dispositive'. *Access 4 All, Inc. vs. Trump International Hotel and Tower Condominium,* 458 F.Supp.2d at 165 *citing AdiPar, Ltd. vs. PLD International Corp.,* No. 01 Civ. 0765 2002 WL 317430622 at *4 (S.D. NY Dec 4, 2002). Additionally, there is no risk of surprise where the non-moving party is on notice by the moving papers of the moving party and submits its own exhibits and affidavitsin its response papers. *Access 4 All, Inc.*, 458 F.Supp.2d at 165 *citing Kennedy vs. Empire Blue Cross and Blue Shield,* 989 F.2d 588, 592 (2d Cir. 1993).

**II.   MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JDUGMENT BASED ON STANDING**

Standing is an essential and unchanging component of the case or controversy requirement of Article III. *Access 4 All, Inc. vs. Trump International Hotel and Tower Condominium,* 458 F.Supp.2d 160 (S.D. NY 2006) *citing Lujan vs. Defenders of Wildlife,* 504US 555, 560 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). There are three well-settled constitutionalrequirements: (1) injury in fact, which must be (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) the injury must be likely to be redressed by a favorable decision. *Access 4 All, Inc.,* 458 F.Supp.2d at 167 *citing Field Day, LLC vs. County of Suffolk,* 463 F.3d 167, 175 (2d Cir. 2006). A plaintiff's standing is evaluated at the time that the complaint is filed. As the party invoking federal jurisdiction, the plaintiff has the burden of establishing standing. To defeat a motion for summary judgment, plaintiffs must set forth by affidavit or other evidence specific facts which for purposes of the summary judgment will be taken to be true. Each element must be proven with the "*manner and degree of evidence required*" at the given stage of litigation. Thus, at the summary judgment stage the plaintiffs need not establish that they in fact have standing. The plaintiff is only required to show that there is

Case 0:21-cv-60867-RS   Document 11   Entered on FLSD Docket 12/10/2021   Page 4 of 7

*Chambers vs. Florida Resort Property Management*
*Case No.: 21-cv-60867 RS*

a genuine question of material fact as to the standing elements. *Access 4 All, Inc. vs. Trump International Hotel and Tower Condominium,* 458 F.Supp.2d at 167 160 (S.D. NY 2006) *citing Field Day, LLC vs. County of Suffolk,* 463 F.3d 167, 176; *Lewis vs. Casey,* 518 US 343, 358, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bldg. & Constr. Trades Council vs. Downtown Dev. Inc.,* 448 F.3d 138, 144 (2d Cir. 2006); *Cent. Delta Water Agency Lujan vs. Defenders of Wildlife,* 504 US 555, 560 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

To survive Defendant's Rule 12(b)(1) motion to dismiss for lack of standing, Plaintiff "must allege facts that affirmatively and plausibly suggest that [she] has standing to sue." *Amidax Trading Grp. v. S.W.I.F.T. SCRL,* 671 F.3d 140, 145 (2d Cir.2011). "Standing under the [FHA] is as broad as Article III permits." *Mhany Mgmt., Inc. v. Cty. of Nassau,* 819 F.3d 581, 600 (2d Cir.2016). The FHA confers standing to challenge discriminatory housing practices on any "aggrieved person," defined as anyone who "(1) claims to have been injured by a discriminatory housing practice; or (2) believes that such person will be injured by a discriminatory housing practice that is about to occur." *LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 424 (2d Cir.1995) (citing 42 U.S.C. §§ 3602(1), 3613(a)(1)(A)). To establish standing, an FHA plaintiff must allege " 'injury in fact' within the meaning of Article III of the Constitution, that is, that [the plaintiff must] allege 'distinct and palpable injuries that are 'fairly traceable' to [defendants'] actions.' " *Id.* at 424–25 (quoting *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 375–76, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982)).

### III. THE LAW ON DISPARATE TREATMENT IN A HOUSING DISCRIMINATION ACTION

The Fair Housing Act ("FHA") prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, *familial status*, or national origin. 42 U.S.C. § 3604(a)–(b). The standard is either a strict liability standard due to printing or publication of discriminatory procedures[1] or, alternatively, through circumstantial claims sounding in disparate treatment. Disparate-treatment claims under the FHA are tested

---

[1] See 42 USCA §3604(c)

Case 0:21-cv-60867-RS Document 11 Entered on FLSD Docket 12/10/2021 Page 5 of 7

*Chambers vs. Florida Resort Property Management*
*Case No.: 21-cv-60867 RS*

under the same framework as Title VII disparate-treatment claims. *Ring v. First Interstate Mortgage, Inc.,* 984 F.2d 924, 926 (8th Cir.1993) (applying the three-stage Title VII analysis to an FHA disparate treatment claim). The standard is familiar—did the defendant(s) treat the plaintiff(s) less favorably than others based on their race, color, religion, sex, or national origin? Proof of discriminatory purpose is crucial for a disparate treatment claim. *Int'l Bhd. of Teamsters v. United States,* 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 52 L.Ed.2d 396 (1977). Summary judgment is warranted if the plaintiff cannot produce either (a) direct evidence of discriminatory intent or (b) indirect evidence creating an inference of discriminatory intent under the *McDonnell Douglas* burden-shifting framework. *Griffith v. City of Des Moines,* 387 F.3d 733, 736 (8th Cir.2004); *see also East–Miller v. Lake County Highway Dep't,* 421 F.3d 558, 563–64 (7th Cir.2005) (respondent has the burden of proving its prima facie claim and has the burden of proving that the petitioner's stated reason was just a pretext for the racially discriminatory decision through factors including others that are not in the protected class treated differently or whether there was a discriminatory policy).

**IV.     THE MOTION TO DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT SHOULD BE GRANTED AS THE ALLEGED VIOLATION IS NOT ACTIONABLE AS A MATTER OF LAW**

Here, taking the four corners of the complaint as being true and correct, this plaintiff does not have standing upon which to bring such action. The motion to dismiss should be granted. The complaint makes it clear that the plaintiff is traveling under a *disparate treatment* theory of liability. The plaintiff, therefore, has the burden of demonstrating the initial *prima facie* claim of housing discrimination based on a protected class and attempts to do so through alleging race. However, there are no material facts that would permit the matter to be adjudicated by a jury and should be dismissed as a matter of law on summary judgment. First, the plaintiff has not alleged that the plaintiff was drawing the distinction between those with criminal convictions and those with arrests that may not have resulted in a criminal conviction. The complaint does not allege that the plaintiff clearly communicated the difference or that the defendant was even aware that

Case 0:21-cv-60867-RS   Document 11   Entered on FLSD Docket 12/10/2021   Page 6 of 7

*Chambers vs. Florida Resort Property Management*
*Case No.: 21-cv-60867 RS*

the plaintiff was attempting to draw a difference. Regardless of the color of the skin of the applicant, a policy of refusing to lease to those with criminal convictions is not a discriminatory procedure. There are no allegations that such procedure is being applied in an arbitrary and capricious fashion, either. There are no allegations regarding who the plaintiff had the alleged discriminatory conversation with or the day or timeframe upon which the conversation was conducted. Nor are there allegations that the plaintiff attempted to secure clarification regarding the policy and that the defendant clearly provided the plaintiff with such policy or explained to the plaintiff that the policy was designed to discriminate based on race. Therefore, the plaintiff does not meet the definition, as a matter of law, of an "aggrieved person" for standing requirements. There are no allegations that the plaintiff had a direct injury or even believed that such injury was about to occur. *LeBlanc–Sternberg v. Fletcher,* 67 F.3d 412, 424 (2d Cir.1995). The prima facie claim for housing discrimination based on race has not been met. The motion to dismiss should be granted. Should the Court convert the motion to dismiss into a motion for summary judgment, the plaintiff is without any factual support that the defendant had direct or indirect discriminatory intent regarding the policy and/or that the policy was designed to discriminate based on race. The motion to dismiss and/or motion for summary judgment should be granted.

## CONCLUSION

This plaintiff does not have an actionable claim. This plaintiff cannot show any proof regarding a policy that was designed to discriminate based on race. This plaintiff is a "tester" who runs around filing lawsuits without ensuring any documentary support regarding the defendant's policy and the design and intent of the policy. This plaintiff does not have standing to pursue a claim. The complaint fails to cite to the specific statute upon which the violation is based on or how an alleged uniform policy of refusing to provide housing to those that ere adjudicated guilty in a legal court of law should somehow leap into housing discrimination. Defendant further demands entitlement to attorneys' fees and costs under the housing

Case 0:21-cv-60867-RS   Document 11   Entered on FLSD Docket 12/10/2021   Page 7 of 7

*Chambers vs. Florida Resort Property Management*
*Case No.: 21-cv-60867 RS*

discrimination statutes and further demands any further relief that the Court deems fair, just, and equitable.

Respectfully submitted,

THE LAW OFFICES OF
GEOFFREY D. ITTLEMAN, P.A.
955 S. FEDERAL HWY, SUITE 339
FORT LAUDERDALE, FL 33316
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

By:  /s/ *Geoffrey Ittleman*
     Geoffrey D. Ittleman, Esq.
     Fla. Bar No.: 377790

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via email through CM/ECF on this the 10th day of December, 2021 to **Joshua A. Glickman, Esquire; josh@sjlawcollective.com; Shawn A. Heller, Esquire; shawn@sjlawcollective.com;** Social Justice Law Collective, P.L., 974 Howard Avenue, Dunedin, Florida 34698.

THE LAW OFFICES OF
GEOFFREY D. ITTLEMAN, P.A.
955 S. FEDERAL HWY, SUITE 339
FORT LAUDERDALE, FL 33316
Tel: (954) 462-8340
Fax: (954) 324-2037
geoffrey@ittlemanlaw.com

By:  /s/ Geoffrey Ittleman
     Geoffrey D. Ittleman, Esq.
     Florida Bar No.: 377790